UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILL H. CATHEY,

                         Plaintiff,

v.                                            Civil Action No. _____

LVNV FUNDING LLC. &
KIRSCHENBBAUM, PHILLIPS & LEVY, P.C.,

                         Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Will H. Cathey is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant LVNV Funding LLC. (hereinafter "LVNV") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Kirschenbaum, Phillips & Levy, P.C. (hereinafter "Kirschenbaum") is a domestic professional corporation organized and existing under the laws of the State New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendant.

10. That at all relevant time herein, Kirschenbaum acted as agent-in-fact for LVNV, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a debt to Providian Financial Corp. This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Plaintiff allegedly defaulted on the subject debt.

14. That the subject debt was assigned to North Star Capital Acquisitions LLC after Plaintiff's alleged default.

15. That on or about July 10, 2008, North Star Capital Acquisitions, LLC filed a lawsuit in Rochester City Court against the Plaintiff for the alleged subject debt.

16. That on or about September 19, 2008, the above referenced action was reduced to a judgment against the Plaintiff.

17. That on or before May 21, 2015, North Star Capital Acquisitions, LLC retained the services of Kirschenbaum to proceed with post judgment enforcement against the Plaintiff on the North Star Capital Acquisitions, LLC. judgment

18. That on or about July 15, 2015, Kirschenbaum forwarded an income execution to Plaintiff's place of employment pursuant to the North Star Capital Acquisitions, LLC judgment obtained in the City Court for the City of Rochester.

19. That on or about August 20, 2015, Defendant Kirschenbaum sent a letter to the Plaintiff indicating that it was retained to collect on the same account that North Star Capital Acquisitions, LLC had previously filed the afore-mentioned lawsuit against the Plaintiff. This letter, however, indicated that the current creditor for this judgement is LVNV.

20. That upon information and belief, there is not an assignment of judgment filed with either the Monroe County Clerk's Office or Rochester City Court assigning the judgment from North Star Capital Acquisitions to LVNV.

21. That the afore-mentioned income execution sent to Plaintiff's employer was improper as Defendant LVNV is not the judgment creditor for the matter filed by North Star Capital Acquisitions, LLC in Rochester City Court against the Plaintiff.

22. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

   A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(9), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by sending an income execution to the Plaintiff in an attempt to collect a debt wherein it fails to identify the identity of the true creditor.

   B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by sending correspondence to the Plaintiff in an attempt to collect a debt wherein it misrepresents the name of the true creditor for the alleged subject debt.

   C. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect on the judgement for the alleged subject debt when the judgment creditor is North Star Capital Acquisitions, LLC

   D. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by failing to file an assignment of judgment with the court and attempting to collect on the judgement for the alleged subject debt when the judgment creditor is North Star Capital Acquisitions, LLC.

24. That Defendant LVNV is vicariously liable for the tortious acts of Defendant Kirschenbaum described herein pursuant to the laws of agency and otherwise.

25. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: December 11, 2015

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
khiller@kennethhiller.com