## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILL H. CATHEY,<br><br>                              Plaintiff,<br><br>     v.<br><br>LVNV FUNDING LLC AND<br>KIRSCHENBAUM, PHILLIPS & LEVY, P.C.<br><br>                              Defendant. | Civil Action No.:  6:15-cv-06741<br><br><br>**LVNV FUNDING LLC'S<br>ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant LVNV Funding, LLC ("Defendant") by and through its undersigned attorneys, Gordon & Rees, LLP, as and for its Answer to the Complaint (the "Complaint") of Plaintiff Will H. Cathey ("Plaintiff"), responds as follows:

### I.      PARTIES IN THE COMPLAINT

1.      Defendant neither admits nor denies the allegations of Paragraph 1 of the Complaint, but rather respectfully refer the Court to the Complaint for the language and legal importance, if any, of such document(s).  To the extent a further response is required, Defendant denies these allegations and any liability thereto, including that it allegedly engaged in any abusive, deceptive, or unfair practices in violation of the Fair Debt Collection Practices Act.

### II.      JURISDICTION AND VENUE

2.      Defendant neither admits nor denies the allegations of Paragraph 2 of the Complaint, but rather respectfully refer the Court to the referenced federal statutes and case law for the language and legal importance, if any, of such document(s).  To the extent a further response is required, Defendant denies these allegations.

3.      Defendant denies the allegations of Paragraph 3 of the Complaint.

### III.    PARTIES

4.      Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 4 of the Complaint.  To the extent a further response is required, Defendant denies these allegations.

5.      Defendant admits that it is a Delaware limited liability company and denies the remainder of Paragraph 5 of the Complaint, as it contains conclusions of law, to which to response is required.

6.      Paragraph 6 of the Complaint is not directed at LVNV Funding, LLC, and, accordingly, no response is required.  To the extent a further response is required, Defendant denies these allegations.

7.      Defendant denies the allegations of Paragraph 7 of the Complaint.

8.      Defendant denies the allegations of Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint is not directed at LVNV Funding, LLC, and, accordingly, no response is required.  To the extent a further response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant denies the allegation of Paragraph 10 of the Complaint.

### II.    FACTUAL ALLEGATIONS

11.     Defendant admits the allegations of Paragraph 11 of the Complaint.

12.     The allegations of Paragraph 12 of the Complaint contain conclusions of law, to which no responsive pleading is required.  To the extent a further response is required, Defendant denies the allegations of Paragraph 12 of the Complaint.

13.     Defendant admits allegations of Paragraph 13 of the Complaint.

2

14.     Defendant neither admits nor denies the allegations of Paragraph 14 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s), and denies any allegations inconsistent therewith.

15.     Defendant neither admits nor denies the allegations of Paragraph 15 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s), and denies any allegations inconsistent therewith.

16.     Defendant neither admits nor denies the allegations of Paragraph 16 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s), and denies any allegations inconsistent therewith.

17.     Defendant neither admits nor denies the allegations of Paragraph 17 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s), and denies any allegations inconsistent therewith.

18.     Defendant neither admits nor denies the allegations of Paragraph 18 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s), and denies any allegations inconsistent therewith.

19.     Defendant neither admits nor denies the allegations of Paragraph 19 of the Complaint, but rather respectfully refer the Court to the referenced document(s) for the language and legal importance, if any, of such document(s), and denies any allegations inconsistent therewith.

20.     Defendant denies the allegations of Paragraph 20 of the Complaint.

21.     Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     Defendant denies the allegations of Paragraph 22 of the Complaint.

## V.    CAUSE OF ACTION

23.    Defendant repeats and realleges the Paragraphs above as if fully set forth herein verbatim.

23(A).  Defendant denies the allegations of Paragraph 23(A) of the Complaint.

23(B).  Defendant denies the allegations of Paragraph 23(B) of the Complaint.

23(C).  Defendant denies the allegations of Paragraph 23(C) of the Complaint.

23(D).  Defendant denies the allegations of Paragraph 23(D) of the Complaint.

24.    Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations of Paragraph 25 of the Complaint.

**WHEREFORE,** Defendant denies that Plaintiff is entitled to the relief sought, and respectfully requests judgment in its favor dismissing the First Count, awarding Defendant attorneys' fees and court costs, and any other remedy the Court sees fit to impose.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims contain insufficient information to permit Defendant to raise all appropriate defenses, and therefore, Defendant reserves its right to amend and/or supplement this Answer with additional and appropriate defenses, or alternatively, to file a Rule (12)(B)(6) motion for failure to state a claim.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant acted in good faith and/or with good cause and have not violated any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations, codes or guidelines.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of waiver, unclean hands, laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under the FDCPA, and thus, all requests for statutory damages thereunder are improper.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint does not describe the alleged actions with sufficient particularity to permit Defendant to ascertain what other defenses may exist at this time.  Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show that Defendant has breached any duty owed to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show that Defendant engaged in any abusive, deceptive, or unfair practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §  1692 et seq.

### NINTH AFFIRMATIVE DEFENSE

The Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied.  As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement, Defendant would not have communicated with Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Defendant is informed and believe and thereon allege that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own actions.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar to recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to supplement their affirmative defenses at any time prior to trial.


GORDON & REES LLP
*Attorneys for Defendant LVNV Funding, LLC*

By:   */s/ Peter Siachos*
_____
        Peter G. Siachos

One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: 973.549.2500
Fax: 973.377.1911


Dated:  January 11, 2016