## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILL H. CATHEY,<br><br>                              Plaintiff,<br><br>        v.<br><br>LVNV FUNDING LLC AND<br>KIRSCHENBAUM, PHILLIPS & LEVY, P.C.<br><br>                              Defendant. | Civil Action No.:  6:15-cv-06741<br><br><br><br>**<u>DECLARATION OF<br>PETER G. SIACHOS</u>** |

I, Peter G. Siachos, state as follows:

1.      My name is Peter G. Siachos.  I am above 18 years of age, am otherwise competent in all respects to testify to the matters stated herein, and make these statements of my own personal knowledge.

2.      I am lead counsel for defendant LVNV Funding, LLC ("LVNV") in the above-referenced case and am the only attorney who has made an appearance in this matter[1].  As such, I was responsible for calendaring, drafting, and filing the Answer to Plaintiff's Amended Complaint.  The Amended Complaint was filed on August 4, 2017 [Doc. 28].

3.      In July, I became ill and had difficulty working.  Upon seeking medical treatment I was diagnosed with Epstein-Barr disease, CMV virus (Cytomegalovirus), and Streptococcaceae C (Strep C), which was complicated by my Type I diabetes, and also caused impaired liver function.  My symptoms included extreme fatigue, body aches, stomach pains, fever and sore throat.

---

[1] Additionally, I filed LVNV's Answer and Affirmative Defenses to Plaintiff's initial Complaint on or about January 11, 2016 [Doc. 6].   I have been actively involved in all aspects of this litigation including status conference, pleadings, and Plaintiff's motion to amend the Complaint which was recently granted by the Court.

4.      Due to my illness, I spent most of August convalescing.  While the Strep C has resolved, I still suffer the effects of the virus today.  My health has improved, but I continue to suffer lingering effects, which is the reason why the Answer deadline was not calendared and inadvertently missed the deadline because of my serious illness.

5.      My associate, Matthew Gallo offered to assist me withy my cases while I was ill. However, he is not admitted in this Court and is not counsel of record.

6.      On or about September 12, 2017, Plaintiff's counsel filed a Request for Entry of Default against LVNV [Doc. 30].

7.      Upon receipt of Plaintiff's request, I immediately contacted Tim Hiller, Esq. counsel for Plaintiff to explain my illness and request that his client voluntarily withdraw the Request for Entry of Default.

8.      That same day, I filed LVNV's Answer and Affirmative Defenses to Plaintiff's Amended Complaint on ECF and delivered a copy to Mr. Hiller by electronic mail. [Doc. 31]. LVNV's proposed Answer and Affirmative Defenses to Plaintiff's Amended Complaint is also attached hereto as **Exhibit 1**.

9.      Mr. Hiller refused to vacate the entry of default and stated that because no extension was sought, he could not provide this courtesy to LVNV, despite my illness. Additionally, Mr. Hiller threatened to file a Motion to Strike LVNV's Answer, which is not warranted due to my illnesses and nothing more than a feeble attempt to drive up his attorneys' fees in this Fair Debt Collection Practices Act case.

10.     In response, I informed Mr. Hiller that my colleague, Matthew Gallo, Esq. who is not admitted in the Western District of New York and was simply involved to attempt to settle the action without further judicial action, reached out to him and his colleague, Seth Andrew,

Esq. on August 16, 2017 requesting an extension of time to file an Answer to the Amended Complaint.  **Exhibit 2.**

11.     Neither Mr. Hiller nor Mr. Andrews responded to my colleague's request for an extension of time to Answer.

12.     On August 31, 2017, Mr. Gallo e-mailed Mr. Hiller and Mr. Andrews again requesting a settlement demand.

13.     Neither Mr. Hiller nor Mr. Andrews responded to Mr. Gallo's request for a settlement demand.

14.     Now, Plaintiff's counsel refuses to consent to vacate its Request for Entry of Default.

15.     Standard of liberality, rather than strictness, should be applied in acting on motion to set aside default judgment, and any doubt should be resolved in favor of petition to set aside judgment so that cases may be decided on their merits.  *Medunic v. Lederer,* 533 F2d 891 (3d Cir. 1976); *United States v. Signed Personal Check*, No. 730 615 F3d 1085 (9th Cir 2010) ("Judgment by default was drastic step appropriate only in extreme circumstances because cases should be decided on merits whenever possible").  Where default has been entered, but default judgment not yet granted, even more liberal standard is applied to motion to set aside entry of default. *Id.*

16.     Before removing default judgment, court, in its broad, sound discretion, must consider whether defendant alleges meritorious defense, whether plaintiff is substantially prejudiced thereby, and whether defendant's failure to respond constitutes excusable neglect; this standard is construed liberally because default judgments are regarded with disfavor, and doubts

are resolved in favor of removing default judgments because resolution on merits best serves justice. *General Tire & Rubber Co. v. Olympic Gardens, Inc.,* 85 FRD 66 (E.D. Pa. 1979).

17.     In determining motion for relief from entry of default under Rule 55(c), courts have looked favorably upon fact that defense counsel acted immediately to cure default. *Savin Corp. v. C.M.C. Corp.*, 98 FRD 509 (N.D. Ohio June 24, 1983); *Cargill, Inc. v. Cohen* 115 FRD 259 (M.D. Ga. Apr. 1, 1987) (same).

18.     Good cause is shown if movant establishes good reason for setting aside default, such as illness of attorney. *Tri-Continental Leasing Corp. v. Zimmerman*, 485 F Supp 495 (N.D. Cal. Mar. 4, 1980).

19.      As such, I respectfully request that the Court vacate the Entry of Default filed by Plaintiff and allow the filing of LVNV's Answer to the Amended Complaint.

I declare that the foregoing is true and accurate pursuant to the laws of the United States of America.

Executed this 15th day of September 2017.

*/s/Peter G. Siachos*
Peter G. Siachos, Esq.
