UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILL H. CATHEY,


                                Plaintiff,

                                                        DECISION & ORDER

                                                        15-CV-6741L


                v.


LVNV FUNDING, LLC and
KIRSCHENBAUM, PHILLIPS & LEVY, P.C.,


                                Defendants.

_____


## INTRODUCTION

Plaintiff Will H. Cathey ("Cathey") commenced this action on December 11,

2015, alleging that Defendants LVNV Funding, LLC ("LVNV") and Kirschenbaum, Phillips &

Levy, P.C. ("KPL") violated several sections of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA"). (Docket # 1). By Decision and Order dated August 3, 2017,

this Court granted Cathey's motion for leave to amend his Complaint. (Docket # 27). Cathey

then filed his First Amended Complaint ("FAC") on August 4, 2017. (Docket # 28).

Neither Defendant timely responded to the FAC, but Cathey agreed to a

September 7, 2017, extension. (Docket # 33-6). Still, LVNV failed to respond. On September

12, 2017, Cathey requested that the Clerk of Court enter a default against LVNV pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure.  (Docket # 30).  The Clerk never processed

that request, perhaps because that same day—merely five days after Cathey's agreed-to

extension—LVNV filed its Answer to the FAC.  (Docket # 31).  Cathey, however, did not

withdraw his request for entry of default against LVNV.

As a result, pending is LVNV's motion to vacate the entry of default and to

"allow the filing of LVNV's Answer to the [FAC]," (Docket ## 32; 32-1 at ¶ 19), and Cathey's

cross-motion to strike LVNV's Answer and for entry of default against LVNV, (Docket # 33).

For the following reasons, LVNV's motion, which the Court construes as a motion for leave to

file a late Answer, is granted, and LVNV's cross-motion is denied.

**DISCUSSION**

1. **Legal Standard**

At the outset, the Court notes that there is, in fact, no default to vacate pursuant to

Rule 55(c) of the Federal Rules of Civil Procedure.  Rather, LVNV's motion essentially asks this

Court to accept its late Answer to avoid default.  Therefore, the Court will construe LVNV's

motion as one for leave to file a late answer, which is determined based on the "same standard"

as a motion to set aside a default under Rule 55(c), "for if leave were denied the result would be

the same as entry of default."  *See Nelson v. Gleason*, No. 14-cv-870, 2016 WL 6875857, *2

(W.D.N.Y. Nov. 11, 2016); *see also Graves v. Corr. Med. Serv.*, No. 11-cv-1005, 2015 WL

1823456, *2 (W.D.N.Y. April 22, 2015) (stating that a motion to file a late answer is "closely

analogous to a motion to vacate a default since the party seeking to answer is given the same

opportunity to present mitigating circumstances that it would have had if a default had been

entered and it had then moved under Rule 55(c) to set it aside"), *aff'd*, 667 Fed. App'x 18 (2d

Cir. June 24, 2016).

"In determining whether to grant a motion for leave to serve a late answer, the relevant factors include whether the failure to answer was willful, whether the defendant has a meritorious defense, and whether the plaintiff would be prejudiced by allowing the defendant to [answer]." *Graves*, 2015 WL 1823456 at *2. The court can exercise discretion in applying this standard. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Importantly, in this Circuit, there is a well-established "preference for resolving disputes on the merits." *Id.* at 95. Therefore, defaults are "generally disfavored and are reserved for rare occasions" and any "doubt should be resolved in favor of the defaulting part." *Id.* at 96.

   2. **<u>Analysis</u>**

   Having review the parties' motions and supporting papers, LVNV's motion is granted. LVNV inadvertently missed the deadline to file its answer because of the prolonged illness of its counsel, which is not an unreasonable excuse and is not willful. (Docket # 32-1 at ¶ 4). Moreover, LVNV acted promptly to cure its default, resulting in no prejudice to Cathey. Furthermore, the Court is satisfied that LVNV has put forth more than mere conclusory denials of Cathey's allegations, sufficing, at this stage, to show meritorious defenses. In reaching this conclusion, the Court is mindful of the Second Circuit's strong "preference for resolving disputes on their merits," and that any "doubt should be resolved in favor of the defaulting part." *See Enron Oil Corp.*, 10 F.3d at 95-96.

   Cathey's cross-motion is also denied. The filing of five legal papers, plus numerous affidavits and attachments—now requiring Court involvement—could all have been avoided by the simple courtesy of agreeing to accept an answer filed five days late. The situation here does not warrant the extreme sanction of striking LVNV's answer, nor entry of a default, as

granting either type of relief would "bring about a harsh or unfair result." *See Enron Oil Corp.*, 10 F.3d at 96.

## CONCLUSION

For these reasons, LVNV's motion to vacate entry of default, construed by this Court as a motion for leave to file a late answer, (Docket # 32), is **GRANTED**. The Court accepts LVNV's Answer as filed on September 12, 2017. (Docket # 31). Cathey's cross-motion to strike LVNV's Answer to the FAC and for entry of default against LVNV, (Docket # 33), is **DENIED**. In addition, Cathey's prior request to the Clerk of Court for entry of default against LVNV, (Docket # 30), is **DENIED, as moot**.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
     January 4, 2018.